## ROBERTS AND HOYT *vs.* TUCKER.

A writ of error does not in fact issue, but upon compliance with Sec. 334, of the Practice Act, is deemed to have issued.

Where, under said Sec. 334, a precipe directs notice to issue to the adverse party, to appear at a term of this Court, subsequent to the next term following the filing of the precipe, no appeal is taken, and on motion, the case should be dismissed.

Upon failure of plaintiff in error to file in this Court a transcript, the defendant in error may elect to dismiss the case for want of a transcript, or may suggest a diminution of the record and secure a transcript, and have the judgment affirmed or reversed.

A judgment of affirmance or reversal will not be rendered unless a transcript be filed.

If the case be dismissed for want of transcript, another writ of error may be prosecuted within the time allowed by law.

Error to the First Judicial District.

Opinion by Wyche, Associate Justice.

Motion made in this case by defendant in error to affirm the judgment below, for reasons stated in the motion.

As questions of practice are involved in this case and similar ones in other cases before this Court, the Court, upon consideration, hold the law to be:

1. That under our code, no writ of error issues in fact, but upon a compliance with the requirements of Sec. 334, Civil Practice Act, a writ is deemed to have issued from this Court.

2. A party desirous to appeal must file his precipe with the clerk of the Court where the judgment was rendered, as prescribed in Sec. 334, Civil Practice Act; and as it is considered that a party must take his appeal to the next term of the Supreme Court following the filing of the precipe, if such precipe directs the clerk to issue notice to the adverse party to appear to a term of the Supreme Court subsequent to the term next following the filing of said precipe, then no appeal has been taken as required by law, and the writ of error will be dismissed on motion; and it is considered that the defendant in error may treat such precipe filed in the Court below, as if no appeal had been attempted.

3. The plaintiff in error must file his transcript in this Court, and on failure to do so, the defendant in error may elect, under Sec. 338, Civil Practice Act, either to dismiss the case for want of a transcript, or may suggest diminution of record, and have a transcript sent up. If the case, on motion of defendant in error, be dismissed for want of a transcript, the plaintiff in error may prosecute another writ within the time allowed by law; and in case a transcript be sent up, the defendant in error may move the Court for an affirmance or reversal of judgment below, and the Court will look into the transcript, and affirm or reverse, as may seem legal.

4. No judgment of affirmance or reversal will be rendered in any case unless a transcript is filed, as without a transcript, no case is here for the consideration of the Court; and where a case is dismissed on motion of defendant in error for want of a

transcript, the plaintiff in error may prosecute his writ again within the time allowed by law.

In this case, as no transcript is filed, the motion to affirm is sustained.

At a subsequent day of the term, the defendant in error having produced in Court a full transcript in the case, and filed a motion for affirmance of the judgment below, and the plaintiff in error having assigned no errors in this Court, and none appearing to the Court upon an inspection of the transcript, the Court do make the following order:

This cause coming on to be heard, and the plaintiff in error failing to appear and assign errors, and the transcript in the case having been submitted to the Court, and no errors appearing upon the inspection of the same, it is therefore ordered, adjudged and decreed that the judgment below be affirmed, and that execution issue against the defendant in the Court below for the judgment, interest and costs in the Court below, and the costs in this Court, and damages to the amount of one per cent. on said judgment.